United States District Court
Southern District of Texas
**ENTERED**
July 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AGUSTIN CALDERON, <br> (TDCJ # 02200225), | § <br> § <br> § | |
| *Plaintiff,* | § <br> § <br> § | |
| vs. | § <br> § | CIVIL ACTION NO. H-25-6359 |
| CANDICE FLANNEL, *et al.,* | § <br> § <br> § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Agustin Calderon, is an inmate at the Clemens Unit of the Texas

Department of Criminal Justice–Correctional Institutions Division. Proceeding *pro*

*se* and *in forma pauperis*, he filed a prisoner's civil-rights complaint under 42 U.S.C.

§ 1983, concerning the denial of a second storage box for his legal materials, which

he contends violates his right of access to the courts. (Dkt. 1). At the Court's

request, Calderon also filed a More Definite Statement of his claims. (Dkt. 11).

Because Calderon is a prisoner seeking relief under § 1983, the Court must

examine his claims and dismiss his complaint, in whole or in part, if it determines

that the action is "frivolous or malicious," "fails to state a claim upon which relief

can be granted," or "seeks monetary relief from a defendant who is immune from

such relief." 28 U.S.C. § 1915(e)(2)(B). After considering Calderon's complaint

and More Definite Statement, the Court concludes that this case must be dismissed for the reasons explained below.

## I.    BACKGROUND

In December 2025, Calderon filed a civil-rights complaint against Candice Flannel, as Assistant Warden of the Clemens Unit; Eric Nichols, as Chairman of the Texas Board of Criminal Justice; Monica Griffin, as Clemens Unit Law Librarian; Jancie Demiter, as Access to Courts Supervisor; and Ms. Garza, as a Law Library Supervisor Substitute. (Dkt. 1, pp. 3, 6–7). He alleges that each of them failed or refused to consider his request for a second storage box to protect his legal materials, thus denying his right of access to the courts. (*Id.* at 3).

More specifically, Calderon alleges that he has been a "*pro se* criminal appellant" since 2019 and that he has worked "super hard" to collect and protect his legal materials. (*Id.* at 7). He alleges that he currently has a federal habeas corpus action pending, and he has a significant quantity of legal materials and legal books that he needs to pursue that action.[1] (*Id.*). Because he has such a large quantity of legal materials, the single storage box provided by TDCJ is not sufficient to hold it, along with his personal and religious belongings. (*Id.*). He therefore requested a second storage box to hold his legal materials. (*Id.*).

---

[1]*See Calderon v. Lumpkin*, No. 3:23-cv-324 (S.D. Tex.).

In response to his request, Law Librarian Griffin told him that TDCJ would determine whether he was entitled to a second storage box based on the legal materials needed only for active litigation. (*Id.*). Therefore, legal materials relating to his state criminal appeal and other documents such as grievances and prison complaints from more than six months ago would not be considered when determining whether he needed a second storage box. (*Id.* at 7–8). Calderon appealed that decision to Warden Flannel, but she also refused to authorize a second storage box. (*Id.* at 7). Calderon then wrote to Chairman Nichols to explain his circumstances and request accommodation for his legal materials. (*Id.*). He has not been provided with relief, and he therefore does not have sufficient storage to protect his legal materials from damage or theft. (*Id.* at 7–8).

Calderon alleges that Chairman Nichols "disregarded the important need" for Calderon to have a second storage box. (*Id.* at 8). He alleges that Warden Flannel, Law Librarian Griffin, and Substitute Librarian Garza violated TDCJ policies and state law, which he contends say that protection of legal materials is necessary and permissible. (*Id.* at 8–9). Likewise, he alleges that Access to Courts Supervisor Demiter is failing to abide by state law by refusing to permit him to protect his legal materials. (*Id.* at 9). He further alleges that all of the defendants are violating his right of access to the courts by failing to allow him to protect his legal materials. (*Id.*).

In his More Definite Statement, Calderon admits that he has not suffered any physical or legal harm by being denied a second storage box for his legal materials. (Dkt. 11, pp. 1, 10–11). Instead, he states that he brought this action to prevent future harm from any loss or destruction of the materials. (*Id.*). However, he asserts that the denial of a second storage box is causing him mental distress because he is concerned about the potential loss of or damage to his legal materials. (*Id.* at 10). He asserts that he currently has a "dispute" with his state direct appeal, his state habeas corpus application, and his federal habeas corpus proceeding, but he admits that he has not suffered any delays or harm in any of these proceedings as a result of not having a second storage box. (*Id.* at 2–3). Nevertheless, he alleges that he may have several other actions that he would be unable to prosecute at a later time if his legal materials were lost, damaged, or confiscated. (*Id.*).

Calderon also alleges that the denial of second storage box violates TDCJ Board Policy BP-03.81 because he views the denial as punishment for his active participation in litigation. (*Id.* at 4). He contends that the denial is also a way for the defendants to harass or penalize him for participating in multiple legal actions. (*Id.*). He further contends that the portion of the policy that limits him to retaining copies of grievances for six months is an improper attempt to alter the statute of limitations. (*Id.* at 5).

As relief, Calderon seeks a declaration that the defendants are violating his constitutional rights, an injunction prohibiting the defendants from further violations of state and federal law, and an order requiring the defendants to provide him with a second storage box for his legal materials. (Dkt. 1, p. 9).

## II.   LEGAL STANDARDS

### A.   Actions Under 42 U.S.C. § 1983

Calderon brings his action under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor*, 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element means that generally only *state* actors—not private parties—can be liable for violations of civil

rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

## B.   **The Prison Litigation Reform Act**

Calderon's action is governed by the Prison Litigation Reform Act, (PLRA). The PLRA requires the Court to examine the legal and factual basis of a prisoner's complaint and dismiss the case if it determines that the complaint "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31–32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to

6/11

relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In conducting its screening review, the Court must construe all allegations "liberally in favor of the plaintiff" and must consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). But if the complaint does not state a claim for relief, it may be dismissed, even before service on the defendants. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C.   *Pro Se* **Pleadings**

Calderon is proceeding *pro se* in this action. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, *pro se* litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id*. (cleaned up).

7/11

Thus, while *pro se* litigants are held to less stringent pleading standards than attorneys, they "still must actually argue something that is susceptible of liberal construction." *Toole v. Peak*, 361 F. App'x 621, 621 (5th Cir. 2010) (per curiam).

## III.   DISCUSSION

Calderon alleges that the defendants are violating TDCJ policies, state law, and federal law by denying him a second storage box for his legal materials. He contends that TDCJ regulations allow for a second storage box and that the denial of his request prevents him from maintaining all of the materials he needs to pursue his various claims in the state and federal courts. His claims must be dismissed for two reasons.

First, Calderon's state law claims are not properly raised in a § 1983 action. As explained above, § 1983 provides a means to redress violations of the Constitution and federal law. *See Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). Violations of state laws and regulations, standing alone, do not rise to the level of a violation of federal law. *See Nesmith*, 715 F.2d at 195. Therefore, violations of state law or state rules and regulations are not a basis for imposing liability under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 332–33 (1986) (violations of state law do not become constitutional violations just because the defendant is a state official); *Meyers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996) (per curiam) (the failure to comply with prison rules and regulations does not, without more, give rise to a

8/11

constitutional violation); *Giovanni v. Lynn*, 48 F.3d 908, 912–13 (5th Cir. 1995) (state law violations do not form the basis of § 1983 liability); *Bush v. Viterna*, 795 F.2d 1203, 1204 (5th Cir. 1986) (affirming dismissal of claim characterized as "an illegitimate effort to seek federal enforcement of state law").

Calderon's claims alleging that the defendants are violating TDCJ rules and regulations and state law by denying him a second storage box do not state a claim for relief under § 1983. These claims must be dismissed with prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Second, Calderon's allegations fail to state a claim for the denial of his constitutional right of access to the courts. "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson,* 3 F.3d 816, 821 (5th Cir. 1993) (footnote omitted). To state a claim for denial of that right, the plaintiff must allege facts showing (1) that a state official interfered with his ability to access the courts, and (2) that he has suffered an actual injury as a result of the interference. *See Lewis v. Casey*, 518 U.S. 343, 351–52 (1996); *Chriceol v. Phillips,* 169 F.3d 313, 317 (5th Cir. 1999) (per curiam); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (to succeed on an access-to-courts claim, the plaintiff must show that he "suffered an injury by being shut out of court").

9/11

Speculation about the potential loss of a hypothetical claim is insufficient to meet this standard. *See Whitaker v. Livingston*, 732 F.3d 465, 467 (5th Cir. 2013) (per curiam) ("One is not entitled to access the courts merely to argue that there might be some remote possibility of some constitutional violation.").

Calderon's allegations do not meet the required standard. Even assuming that he could show that the denial of the second storage box constituted interference—a finding the Court does not make—he has failed to show that he has suffered any injury as a result. He does not show that any of his pending cases have been adversely impacted by the lack of a second storage box for his legal materials. He does not identify a specific claim that he wanted to pursue but could not because of the lack of a storage box. Indeed, it is clear that the lack of a second storage box has not impacted his ability to access the courts, as evidenced by his filing of a new civil-rights action while this action has been pending. *See Calderon v. Gordon, et al*, No. 4:26-cv-5616 (S.D. Tex.), filed July 14, 2026. Calderon's allegations thus fail to state a claim based on the alleged denial of his right of access to the courts. His claims on this basis must be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The civil-rights action filed by Agustin Calderon, (Dkt. 1), is **DISMISSED**

10/11

**with prejudice** as frivolous and for failing to state a claim upon which relief can be granted.

2. Any pending motions are **DENIED as moot.**

3. Final judgment will be separately entered.

4. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List Manager at the following email: **Three Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on _____ July 17 _____, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE